## JAMES WILKERSON v. STATE.

No. A-4456.   Opinion Filed June 2, 1924.
(226 Pac. 113.)

(Syllabus.)

**Intoxicating Liquors—Evidence Sustaining Conviction for Unlawful Transportation.** The evidence held sufficient to sustain the verdict.

Appeal from County Court, Oklahoma County; W. R. Taylor, Judge.

James Wilkerson was convicted of the illegal transportation of intoxicating liquor, and he appeals. Affirmed.

Ed. Boyle, for plaintiff in error.

The Attorney General and N. W. Gore, Asst. Atty. Gen., for the State.

BESSEY, J.  James Wilkerson, plaintiff in error, was convicted in the county court of Oklahoma county of unlawfully transporting intoxicating liquor, to wit, corn whisky, and his punishment was fixed at a fine of $100 and confinement in the county jail for a period of 60 days, and he appeals from the judgment so rendered against him.

At the time of the alleged offense the plaintiff in error was operating a gasoline filling station on Grand boulevard, at the outskirts of Oklahoma City.  At about 9 o'clock at night two deputy sheriffs concealed themselves near this filling station and saw plaintiff in error go to a spot about 150 feet from the filling station, where he stooped over and uncovered something hidden in the ground.  As he returned towards the filling station, passing near where these deputies were hidden, they commanded him to halt; instead of obeying their command he ran from them and threw a glass jar against a post, breaking the jar and spilling the contents; the officers stated that from the odor permeating the atmosphere the jar contained corn whisky.  One of the officers then went to the place where plaintiff in error had unearthed the jar and found another container filled with corn whisky.

Plaintiff in error contends that the evidence is insufficient to support the charge of transporting intoxicating liquor, chiefly upon the ground that the testimony of these deputies is unworthy of belief.

Under the circumstances this was a question solely for the jury.  The evidence justified the jury in arriving at the verdict as rendered.  The instructions of the court were fair, and, no substantial error appearing in the record, the judgment of the trial court is affirmed.

DOYLE, J., concurs.

MATSON, P. J., absent and not participating.